1  K. Greg Peterson, Esq. (SBN: 118287)
   LAW OFFICES OF K. GREG PETERSON
2  1716 L Street
   Sacramento, California 95811
3  Telephone:   (916) 443-3010
4  Facsimile:   (916) 492-2680
   Email:       greg@kgregpeterson.com
5  Attorneys for Plaintiffs

6  Randy M. Marmor, Esq. (SBN: 074747)
7  SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
   Two Embarcadero Center, Suite 1410
8  San Francisco, California 94111
   Telephone:   (415) 352-6200;
9  Facsimile:   (415) 352-6224
   Email:       rmarmor@spcclaw.com
10 Attorneys for Defendant MARYLAND CASUALTY COMPANY

11
   Bruce N. Telles, Esq. (SBN: 152080)
12 AIWASIAN & ASSOCIATES
   725 S. Figueroa Street, Suite 1050
13 Los Angeles, CA 90017
14 Telephone:   (213) 233-9650
   Facsimile:   (213) 233-9651
15 Email:       bruce.telles@mclolaw.com
   Attorneys for Defendant CENTURY INDEMNITY COMPANY
16

17              IN THE UNITED STATES DISTRICT COURT

18            FOR THE EASTERN DISTRICT OF CALIFORNIA

19
   ELEANOR J. ANSELMO, et al.,        )  Case No.: 2:14-CV-00162-WBS-AC
20                                     )
             Plaintiffs,              )  STIPULATION RE: CONFIDENTIALITY
21                                     )  OF DOCUMENTS AND INFORMATION
        vs.                           )  AND FOR PROTECTIVE ORDER;
22                                     )  PROTECTIVE ORDER
   MARYLAND CASUALTY COMPANY, et al.,)
23                                     )
             Defendants.             )
24                                     )
25  _____)

26      The following is hereby stipulated and agreed to, by and between Plaintiffs,

27  ELEANOR J. ANSELMO, individually, and as Trustee under that certain document

28
                                      -1-
   STIPULATION RE: CONFIDENTIALITY OF DOCUMENTS AND INFORMATION
   AND FOR PROTECTIVE ORDER ; [PROPOSED] PROTECTIVE ORDER



1  entitled "The Albert A. and Eleanor J. Anselmo 1988 Revocable Trust" Dated February

2  19, 1988, and as Successor-in-Interest to Albert A. Anselmo, Deceased; ROSALIE A.

3  ANSELMO, individually and as Co-Trustee under that certain document entitled "The

4  Edward A. Anselmo and Rosalie A. Anselmo 1992 Revocable Trust" Dated December

5  21, 1992; KAREN L. LILIENTHAL, as Co-Trustee under that certain document entitled

6  "The Edward A. Anselmo and Rosalie A. Anselmo 1992 Revocable Trust" Dated

7  December 21, 1992; DAVE DAVELAAR , individually, and LINDA DAVELAAR,

8  individually, and Defendants, MARYLAND CASUALTY COMPANY, a Maryland

9  corporation; and CENTURY INDEMNITY COMPANY (as successor-in-interest to CCI

10  Insurance Company, as successor-in-interest to Insurance Company of North America),

11  a Pennsylvania corporation, and is entered into by and through their respective counsel.

12      1.    This agreement ("Agreement" or "Protective Order") shall apply to the

13  above-captioned matter ("Action") and shall have an effective date of April 28, 2014.

14      2.    This Agreement shall bind the named parties and all attorneys, employees,

15  consultants and representatives of the named parties, and any other person or entity

16  who agrees to be bound by this Agreement (by executing a Certification in the form

17  attached hereto as Exhibit "A").

18      3.    This Agreement shall govern the disclosure and use in this action of

19  CONFIDENTIAL documents and information designated as such in good faith and

20  disclosed after this Protective Order's effective date, whether contained in documents

21  and records voluntarily produced by any party prior to the onset of discovery in this

22  action, deposition or other pretrial testimony in this Action, any order issued in this

23  matter, deposition transcripts, deposition exhibits, interrogatory responses, admissions

24  and any other information produced, given, or exchanged by and among the parties and

25  any non-parties to this Action in connection with discovery in the Action or referenced in

26  any pleadings filed in this action. Such information and documents shall hereinafter be

27  referred to collectively as disclosed "Discovery Material").  All Discovery Material

28  designated CONFIDENTIAL in accordance with the terms of this Agreement and

STIPULATION RE: CONFIDENTALITY OF DOCUMENTS AND INFORMATION
AND FOR PROTECTIVE ORDER ; [PROPOSED] PROTECTIVE ORDER

1    produced or exchanged in the course of this Action shall be used or disclosed solely for

2    the purposes related to the prosecution and/or defense of this litigation, and in

3    accordance with all of the provisions of this Agreement.

4           4.      Any party producing Discovery Material may designate any Discovery

5    Material as CONFIDENTIAL which such party, in good faith, believes to contain (a) non-

6    public, confidential, attorney-client privileged, work-product privileged, proprietary,

7    and/or financial privacy privileged information; and/or (b) information that should

8    otherwise be subject to confidential treatment pursuant to applicable California law.

9           5.      The parties hereto agree that Discovery Material designated

10   CONFIDENTIAL may be disclosed or made available in whole or in part only to the

11   following persons:

12          a.      a named party, or corporate representatives, directors, officers,

13   agents,  and employees of a named party in this matter who have executed the

14   Certification attached hereto as Exhibit "A";

15          b.      outside counsel representing a named party in this matter, including

16   members of their firms, associate attorneys, paralegals, secretarial staff, clerical

17   and other regular and/or temporary employees, and service vendors of such

18   counsel (including, but not limited to, translators, interpreters, outside copying

19   services, graphic support services, document imaging services, and

20   database/coding services);

21          c.      during depositions, preparation for depositions, testimony in a

22   pretrial hearing, and preparation for testimony in a pretrial hearing, a witness who

23   is a current employee of the party that produced the applicable document(s) or

24   who appears, based upon the document itself or other testimony, to have

25   reviewed or prepared the document designated CONFIDENTIAL or to have

26   participated in the specific event, transactions, discussions, or data reflected in

27   the document, provided such witness executes a Certification attached hereto as

28   Exhibit "A";



d.      a third party witness who appears, based upon the document itself or other testimony, to have reviewed or prepared the document designated CONFIDENTIAL or to have participated in the specific event, transactions, discussions, or data reflected in the document, provided said witness has executed a Certification attached hereto as Exhibit "A";

e.      Auditors or accountants of any party, should disclosure of any document designated CONFIDENTIAL to such auditors or accountants be required by law or otherwise be reasonable and necessary; and

f.      an expert or consultant who (i) is retained by outside counsel to assist with this matter, (ii) agrees not to use nor disclose such CONFIDENTIAL information in any other litigation or proceeding; and (iii) has executed a Certification attached hereto as EXHIBIT "A".

6.      This Protective Order has no effect upon, and shall not apply to, the parties' use of their own Discovery Material whether designated as CONFIDENTIAL for any purpose.

7.      This Protective Order has no effect upon, and shall not constitute a waiver of, the right of any named party to attend the deposition of any witness in this Action, except that to the extent any party attending a pre-trial deposition becomes aware of CONFIDENTIAL Discovery Material during the course of a deposition, all of the parties hereto and their counsel agree that all of the parties attending, or later receiving a transcript of, such a deposition shall be bound as a "receiving party" under the terms of this Protective Order.

8.      Any person, entity, or named party receiving CONFIDENTIAL Discovery Material that receives a request or subpoena for production or disclosure of CONFIDENTIAL Discovery Material shall promptly give written notice to the producing party, and all opposing named parties, if different from the producing party, identifying the Discovery Material sought and enclosing a copy of the subpoena or request. Provided that the producing party makes a timely objection, motion, or other application

-4-

KGP
K.GREG PETERSON
LAW OFFICES

for relief from the subpoena or other request in the appropriate manner and forum, the person, entity, or named party subject to the subpoena or other request shall not produce or disclose the requested Discovery Material without consent of the producing party or until ordered by a court of competent jurisdiction; however, the producing party shall be responsible for all attorneys' fees and costs incurred in regard to formally opposing any third party request or subpoena.

9.      Counsel shall inform each person to whom they wish to disclose or give access to CONFIDENTIAL Discovery Material and who is authorized to receive such material of the terms of this Agreement, and counsel shall assume the responsibility for securing the obligation of that person to comply with each of its terms.

10.     Counsel for any receiving party shall be responsible for maintaining a record of all signed Certifications (EXHIBIT "A") required by this Agreement.  Such Certifications shall not be available for review by opposing counsel absent agreement of the parties or an order of the Court determining that there is a good faith basis to allow a review.

11.     The designation of Discovery Material as CONFIDENTIAL for purposes of this Agreement shall be made in the following manner by any producing party as follows:

a.      in the case of documents, discovery responses, and/or other materials of any kind (apart from depositions or other pretrial testimony): by affixing the legend "CONFIDENTIAL – Subject to Protective Order" as appropriate, to each page containing any Discovery Material determined to warrant such a designation, provided that the failure to designate a document as CONFIDENTIAL does not constitute a waiver of such claim, and a producing party may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Agreement on and after the date of its designation as "CONFIDENTIAL." The producing party may also designate a document or a group of documents as CONFIDENTIAL by identifying the Bates stamp numbers of such documents that warrant the

-5-



designation in writing to all other parties at the time the documents are produced; and

      b.     in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel for the producing party, at the time of such disclosure, identifying certain portions of the testimony and any documents reviewed as CONFIDENTIAL with such portions then being marked appropriately by the court reporter; or (ii) by written notice of the specific pages, sent by such counsel to all parties within ten (10) business days after the transcript of the testimony is received; and in both of the foregoing instances, directing the court reporter to affix the appropriate confidential legend to the first page and all portions of the original and all copies of the transcript containing the CONFIDENTIAL Discovery Material.  The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

12.     If any Discovery Material designated as CONFIDENTIAL is sought to be used in any court proceeding, the party attempting to use said materials shall see that said materials are submitted to the Court consistent with the procedures for sealing filed documents from public disclosure and/or access as set forth under United States District Court, Eastern District of California, Local Rules, Rule 141 and as set forth in this Agreement.

13.     If any brief, memorandum, motion, letter, affidavit, or other document filed with the Court (such information shall hereinafter be referred to collectively as "Filings") is submitted to the Court containing Discovery Material which has been designated as CONFIDENTIAL pursuant to this Agreement, the parties shall comply with all applicable rules that govern the sealing of only those sections of Filings that the designating party believes, in good faith, should be sealed for good cause.

14.     Any Filings containing CONFIDENTIAL Discovery Material to be filed with the Court may only be lodged in conjunction with a motion or application to seal said



materials in accordance with the procedures set forth under the United States District

Court Eastern District of California, Local Rules, Rule 141, and if said Court grants an

order sealing said materials shall  bear a statement substantially in the following form:

**CONFIDENTIAL**

**FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER DATED _____,
2014, GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION
OBTAINED OR UTILIZED DURING THE COURSE OF THE LITIGATION.**

**THIS ENVELOPE IS NOT TO BE OPENED AND THE CONTENTS THEREOF SHALL
NOT BE DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS
OR BY COURT ORDER.**

15.     In the event the Court denies a request to seal any portion of any Filing

containing CONFIDENTIAL Discovery Material, based on its ruling on the merits that

such Discovery Material contains no actual confidential or otherwise privileged

information, the designating party shall have the right to challenge said ruling within **five**

**(5)** court days of such denial.  In the event of any such challenge to the Court's refusal to

seal the Discovery Material in question, said materials shall continue to be treated as

CONFIDENTIAL during the five (5) day period and during the period that the challenge

in question is pending before the Court.  If the designating party does not challenge the

ruling within this time, or the Court denies the challenge of the designating party, the

non-designating party may submit the subject Discovery Material with any Filing, or file

or submit the subject Discovery Material to the Court without seal.

16.     Nothing in this Agreement shall be construed in any way as a finding that

Discovery Material designated CONFIDENTIAL actually is or contains CONFIDENTIAL

information.  Any named party may object, in writing, to the designation by another party,

including those of third parties, by specifying the information at issue and its grounds for

questioning the designation.  A named party shall not be obligated to challenge the

propriety of a designation at the time made, and a failure to do so shall not preclude any

subsequent challenge.  In the event that any named party to this Action disagrees at any

point in these proceedings with the designation by the producing party, the parties shall

try first to dispose of such dispute in good faith on an informal basis.  If the dispute

-7-



cannot be resolved, the named party challenging the designation may file a motion to compel within twenty-one (21) days after informal attempts at resolution have concluded by an unequivocal statement in writing by counsel for any party that no informal resolution can be reached and that Court intervention is necessary.  The information, documents or materials shall continue to receive the protection of their designation until the Court rules on the motion.  The party designating the information CONFIDENTIAL shall have the burden of demonstrating the propriety of its designation.  All parties to this Protective Order agree to an in-camera review of the Discovery Material and/or an off the record, in-chambers conference with the Court to allow the Court to determine the propriety of the CONFIDENTIAL designation of the Discovery Material.

17.	The inadvertent or mistaken disclosure by a producing party of undesignated or improperly designated CONFIDENTIAL Discovery Material shall not constitute a waiver of any claim of confidentiality, provided that the producing party notifies the receiving party in writing of such inadvertent or mistaken disclosure and provides re-designated documents to the receiving party within thirty (30) days of such notice.  Upon receipt of properly re-designated documents, the receiving party shall return or confirm the destruction of all unmarked or incorrectly designated documents and other materials to the producing party within five (5) business days.  The receiving party shall not retain copies thereof and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the producing party's notice.

18.	Should any CONFIDENTIAL Discovery Material be disclosed, through inadvertence or otherwise, by a receiving party to any person, entity, or party not authorized under this Agreement, then the receiving party shall:  (a) immediately notify the producing party; (b) use its best efforts to obtain the return of any such CONFIDENTIAL information and to bind such person to the terms of this Agreement; (c) within five (5) business days of the discovery of such disclosure, inform such person of all provisions of this Agreement and identify such person, entity, or party to the originally

-8-

KGP
K.GREG PETERSON
LAW OFFICES

producing party; and (d) request such person or party to sign the Certification attached hereto as EXHIBIT "A".  The executed Certification shall be served upon counsel for the producing party within ten (10) business days of its execution by the person, entity, or party to whom the CONFIDENTIAL information was inadvertently disclosed.  Nothing in this paragraph is intended to limit the remedies that the producing party may pursue for breach of this Agreement.

19.	The terms and conditions of this Stipulation and Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding on the parties and their counsel throughout and after the conclusion of the Action for a period of twenty-five (25) years from the effective date, including without limitation any appeals therefrom.

20.	Any party seeking enforcement of this Agreement against any other party may petition the Court by properly noticed motion, and the prevailing party shall be entitled to an award of its attorneys' fees and costs.

IT IS SO STIPULATED.


Dated:  April 28, 2014	LAW OFFICES OF K. GREG PETERSON


By: /s/ K. Greg Peterson
        Greg Peterson, Esq.
        Attorney for Plaintiffs


Dated:  May 6, 2014	SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC



By: /s/ Randy M. Marmor
        Randy N. Marmor, Esq.
        Attorneys for Defendant MARYLAND CASUALTY COMPANY

 / / /



1    Dated:  May 1, 2014                    AIWASIAN & ASSOCIATES

2

3                                           By: /s/ Bruce N. Telles

4                                                Bruce N. Telles, Esq.
                                                 Attorneys for Defendant CENTURY
5                                                INDEMNITY COMPANY (as successor-in-
                                                 interest to CCI Insurance Company, as
6                                                successor-in-interest to Insurance Company of
                                                 North America)
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              -10-



1

**<u>ORDER</u>**

2
        The parties having stipulated to the foregoing Protective Order and good cause

3
appearing,

4
        <u>IT IS SO ORDERED</u>.

5

6
DATED: May 12, 2014

7
                                        _____

8
                                        ALLISON CLAIRE
                                        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



STIPULATION RE: CONFIDENTALITY OF DOCUMENTS AND INFORMATION
AND FOR PROTECTIVE ORDER ; [PROPOSED] PROTECTIVE ORDER

1 | **CERTIFICATION – EXHIBIT "A"**

2       I hereby certify that I have read the attached Stipulated Protective Order for the

3 matter entitled *ELEANOR J. ANSELMO, et al. vs. MARYLAND CASUALTY COMPANY,*

4 *et al.*, United States District Court, Eastern District of California, Case No. 2:14-CV-

5 00162-WBS-AC, and I agree that I will not reveal CONFIDENTIAL information and

6 documents ("Discovery Material") to, or discuss such with, any person who is not entitled

7 to receive CONFIDENTIAL information and documents in accordance with the

8 Stipulated Protective Order, and that I will use and rely upon CONFIDENTIAL

9 information and documents in accordance with this Stipulated Protective Order.  I agree

10 that the United States District Court, Eastern District of California, has jurisdiction to

11 enforce the terms of the Stipulated Protective Order, and I consent to jurisdiction of the

12 United States District Court, Eastern District of California, over my person and the

13 Company, if any, listed below for that purpose.  I will otherwise be bound by the

14 provisions of the Stipulated Protective Order, whose terms shall be deemed fully

15 incorporated herein.

16

17       I HEREBY AGREE TO THE ABOVE-REFERENCED PROVISIONS.

18

19 Dated: _____



[Signature]

[Print Name]

[The Company]

[Address]

-12-

